UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Cornelius Austin, | ) C/A No. 9:13-536-MGL-BM |
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Warden Knowlin, | ) |
| Respondent. | ) |

Petitioner, Willie Cornelius Austin, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 28 U.S.C. § 2241 for habeas corpus relief.[1] Petitioner is a state prisoner in the Turbeville Correctional Institution ("TCI"), part of the South Carolina Department of Corrections ("SCDC"), in Turbeville, South Carolina.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden,*

---

[1] While Petitioner named Parole Examiner Mr. Ham, Monica Counts, and Warden Knowlin as Respondents in his Petition, the Clerk of Court has been directed to terminate Ham and Counts as Respondents, and to retain Warden Knowlin as the sole Respondent in this case, because a prisoner's custodian is the proper respondent in a habeas corpus action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).



*Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* petitions are also held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; see also Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner alleges that the instant Petition concerns his sentence and "[his] parole max-out date being modified and [Petitioner] ha[s]n't been taken back in front of the judge to do so." Petition, ECF No. 1, p. 1. Petitioner alleges that he is "being held beyond [his] Y.O.A. max-out date," and that "Parole Examiner Mr. Ham [is] lying about terminating [Petitioner's ] Y.O.A." Petition, ECF No. 1, p. 5. Petitioner alleges that "[Petitioner's] original Y.O.A. sentence was 1-5 (not to exceed 6 years)" and that "it was changed (re-modified) from October 2012 to March 2014,

2



[and] the only person who has authority to do so is the judge, but Monica Counts did." *Id.* Petitioner also alleges that "[Petitioner] was doing straight time at Manning Correctional Institution. [Petitioner] met with Parole Examiner Mr. Ham around February 2012. He had [Petitioner] signing papers without reading them stating that after [Petitioner] finished [his] straight time [Petitioner's] Y.O.A. sentence would be terminated." *Id.*  Petitioner asks this Court to grant the following relief: "for every day exceeded past my original Y.O.A. max-out [Petitioner] want[s] to be paid or [he] want[s] [his] Y.O.A. to be terminated." Petition, ECF No. 1, p. 8.[2]

Petitioner previously filed a related civil action in this Court pursuant to 42 U.S.C. § 1983.[3] In his related case, *Austin v. Watts, et al.*, C/A No. 9:13-216-MGL-BM (D.S.C.), which is currently pending, Petitioner seeks injunctive relief/clarification of the same prison sentence he

---

[2] Insofar as Petitioner seeks monetary damages in the alternative, such relief is not available in this habeas action. Petitioner could sue in federal court for damages under 42 U.S.C. § 1983, but in order to recover damages in a § 1983 action for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87.

[3] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996)



3

challenges in the instant § 2241 habeas petition. In C/A No. 13-216, in which Petitioner asks for release from his current confinement, the undersigned filed a Report and Recommendation on January 29, 2013 recommending that Petitioner's § 1983 Complaint be summarily dismissed without prejudice and without issuance and service of process, because such relief is available only in a habeas corpus action.[4] That action remains pending. On March 1, 2013, Petitioner filed the instant habeas corpus action.

### DISCUSSION

As noted in the Report and Recommendation filed in C/A No. 13-216, insofar as Plaintiff's seeks his immediate, or speedier, or unconditional release from the SCDC's custody at TCI, such relief cannot be granted in a § 1983 action. *See Heck v. Humphrey*, 512 U.S. 477 (1994) and *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008). A state prisoner's sole federal remedies for challenging the constitutional validity of his or her custody are a petition for writ of habeas corpus under § 2254 and possibly, but less commonly, a petition for writ of habeas corpus under § 2241,[5] either of which can be sought only after a petitioner has exhausted state court remedies with regard to the conviction and sentence at

---

[4] The undersigned can take judicial notice of Petitioner's prior proceeding in this Court. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[5] Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, C/A No. 0:08-607-RBH, 2008 U.S. Dist. LEXIS 55319, 2008 WL 2845636, *1 (D.S.C. July 18, 2008).

4



issue. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241).[6] For a § 2254 petitioner, the exhaustion requirement is statutory, pursuant to § 2244(d). Despite the absence of an exhaustion requirement in the statutory language of § 2241(c)(3), a body of case law has developed holding that, while § 2241 establishes jurisdiction in the federal courts to consider habeas corpus petitions, a petitioner must exhaust his state remedies before filing a federal habeas petition, and federal courts should abstain from the exercise of that jurisdiction if the issues raised in a § 2241 petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner in an administrative proceeding, at trial, or on appeal. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Therefore, exhaustion is required under either statute.

As explained to Petitioner in the Report and Recommendation filed in C/A No. 13-216, Petitioner's state court recourse for a claim that his sentence has been improperly executed or miscalculated is governed by the South Carolina Supreme Court's decision in *Al-Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000). In *Al-Shabazz*, the South Carolina Supreme Court held that an inmate's claim which does not challenge the underlying validity of a conviction or sentence must proceed through the process set out in the South Carolina Administrative Procedures Act

---

[6] Circuit courts are split on whether § 2254 or § 2241 is the proper statute under which a state inmate should proceed when challenging the manner of execution of a state sentence. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction. *See White v Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010). *But see Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (approving of inmates proceeding under § 2241 to challenge execution of state court sentence). The Fourth Circuit noted the split of authority in *Gregory v. Coleman*, 218 F. App'x 266 (4th Cir. 2007), but does not appear to have taken a definitive stance to date.

5



("SCAPA"), S.C. Code §§ 1-23-310 through 1-23-400, because, according to the *Al-Shabazz* opinion, requiring review through the SCAPA would provide an "orderly and consistent framework for resolving such matters ... [which] typically arise in two ways: ... (2) when an inmate believes prison officials have erroneously calculated his sentence[.]"  *Al-Shabazz*, 338 S.C. at 369, 527 S.E.2d at 750.  Thus, before Petitioner may proceed with a federal habeas corpus petition in this Court challenging his continued custody and/or his alleged sentence max-out date miscalculation, Petitioner must first exhaust his state *administrative* remedies available through the SCDC grievance process, and then he must fully exhaust his state *court* remedies as provided through the SCAPA.

The instant Petition, like the Complaint filed in Petitioner's previous § 1983 action, fails to allege that Petitioner has satisfied the jurisdictional requirement for federal habeas corpus actions by first exhausting his state remedies prior to filing this § 2241 habeas petition.[7]  In C/A No.

---

[7] To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted).  Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them.  Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules.  *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008); *Longworth*, 377 F.3d 437; *see also Coleman v. Thompson*, 501 U.S. 722 (1991). For a procedurally  defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. However, because § 2241's exhaustion rule is a judicially created requirement, a court may exercise its discretion to waive the exhaustion requirement if cause and prejudice or a fundamental miscarriage of justice is shown, or if exhaustion is found to be futile. *See Carmona v. U.S. Bureau of Prisons,* 243 F.3d 629, 632-634 (2d Cir. 2001);*Wynne v. Warden at SFF Hazelton*, No. 12-17, 2012 WL 2522957 (N.D. W.Va. May 30, 2012), *adopted in its entirety by*, 2012 WL 2522947 (N.D.W.Va. June 29, 2012); *Fagiolo v. Smith*, 326 F. Supp. 2d 589, 590 (M.D. Pa. 2004); *Nealy v. United States*, No. 8:05-2933-RBH, 2007 WL 1290262 (D.S.C. April 30, 2007) (noting that a futility exception can apply to judicially created
(continued...)



13-216, Petitioner alleged that he filed a grievance, in October 2012, to which he never received a response. Petitioner did not specifically allege that he filed the required Step 1 and 2 grievances to fully exhaust his administrative remedies pursuant to SCDC's inmate grievance system, nor did he provide a copy of any grievance. *See* C/A No. 13-216, ECF No. 1, p. 2. In the instant case, Petitioner alleges that he presented the facts in relation to the instant Petition in the prison's internal grievance procedure, but "never received a response." Petition, ECF No. 1, p. 7. Because the Petition does not demonstrate Petitioner's exhaustion of state remedies, and because Petitioner failed to submit the required $5 habeas filing fee or a Motion for Leave to Proceed *in forma pauperis* along with his Petition, the undersigned issued a proper form order, ECF No. 6, on March 5, 2013, ordering Petitioner to either pay the filing fee or submit a Motion for Leave Proceed *in forma pauperis*, and to submit Answers to the Court's Special Interrogatories.

On March 14, 2013, Petitioner submitted his Answers to the Court's Special Interrogatories, which clearly indicate that Petitioner failed to exhaust his state remedies prior to filing this federal habeas corpus action. In Petitioner's Answers to the Court's Special Interrogatories he checked "no" in response to Question 1, which asks if he filed a Step 1 and Step 2 grievance. Hence, while Petitioner alleges that he "wrote a grievance [but] never received a response," this statement is contradicted by Petitioner's first response to the Court's Special Interrogatories. Moreover, Petitioner fails to attach a copy of any grievance, as directed by the

---

[7](...continued)
administrative exhaustion). Here, Petitioner fails to demonstrate or even allege that he has properly exhausted this claim, or alternatively, that exhaustion would be futile, that cause and prejudice exists, or that a fundamental miscarriage of justice will result if his claim is not considered. *See Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (stating that a party's *pro se* status or ignorance of the law do not constitute cause).



Special Interrogatories. *See* ECF No. 9, p. 1. Petitioner also checked "no" in response to Question 4, which asks if he filed a notice of appeal to the SCALC following the denial of his grievance, and Petitioner responded to Question 8, which asks about the status of any appeal to the SCALC from the denial of a grievance, by stating "I never received a response to whether or not my grievance was approved or denied." *See* ECF No. 9, p. 2.

Consequently, the undersigned concludes that the instant Petition should be summarily dismissed for failure to exhaust. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006) ("A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process.") (internal quotation omitted). While Petitioner alleges that he filed a grievance to which he never received a response, Petitioner's Answers to the Court's Special Interrogatories clearly establish that Petitioner did not avail himself of the required state remedies regarding SCDC's alleged unlawful execution of his sentence prior to filing this habeas action. Further, because Plaintiff's sentence execution claim is a non-collateral and/or administrative matter and Plaintiff was unsatisfied with SCDC's response or lack of response to his grievance, Plaintiff should have undertaken the task of exhausting his State *court* remedies by filing an appeal from the SCDC administrative remedy process with the South Carolina Administrative Law Court ("SCALC"). *See Al-Shabazz,* 338 S.C. at 378-79, 527 S.E.2d at 755. Since Petitioner did not even appeal SCDC's failure to respond and/or denial of his grievance to the SCALC he has failed to properly exhaust his state court remedies.



**RECOMMENDATION**

Based on the foregoing, it is recommended that the Court dismiss the Petition in this case without prejudice and without requiring Respondents to file a return. Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

March 21, 2013
Charleston, South Carolina



9

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

